UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

JUN 2 2 2005



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 03-40111 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| SITHA SAVATDY; DET KHAOONE; and CHITPRASONG AMPHAVANNASOUK, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant, Sitha Savatdy, moved for a judgment of acquittal during the jury trial in this case. The Court took the motion under advisement. Following the jury's guilty verdict, the Court ordered the parties to submit briefs on Savatdy's motion for judgment of acquittal, specifically addressing the issue of whether there is sufficient evidence to support a jury verdict finding that Defendant Sitha Savatdy was in a conspiracy with Sirich Hochingnavong ("Ed") and the other two Defendants in this case. The briefs have been submitted by the parties, and the Court will deny Savatdy's motion for the reasons set forth below.

## BACKGROUND

A jury found Savatdy and his co-defendants guilty of the crime of conspiracy to possess with intent to distribute or to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The time-frame of the charged conspiracy is on or about February 2003 to July 8, 2003. During trial, Savatdy moved for judgment of acquittal, which the Court took under advisement.

The only alleged co-conspirator to testify at trial was Sirich Hochingnavong ("Ed"). At the time of trial in this case, Ed had been sentenced to serve 168 months' imprisonment for conspiracy to possess with intent to distribute methamphetamine. *See United States v. Sirich Air*

*Hochingnavong*, CR 03-40064-01 (D.S.D.). One of Ed's co-defendants, Melissa Monahan, was Ed's girlfriend during the time Ed was distributing methamphetamine. While Ed was in custody awaiting trial, he wrote approximately 30 letters to Melissa telling her to lie to law enforcement about various matters, including their residence, a vacation they took, and Ed's drug-dealing activities.

Ed lived with Savatdy for approximately eight months beginning in September 2001. The only other government witness that identified Savatdy as being involved in the distribution of methamphetamine was U.S. Drug Enforcement Administration Agent Steve Hummel. Ed testified that he bought methamphetamine from Savatdy on one occasion between January 2003 and July 2003. (Hochingnavong Transcript, Doc.133 at 6.) There was no testimony that Ed and Savatdy expressed any type of agreement or understanding to distribute methamphetamine. Ed testified that he sold methamphetamine to Savatdy, but there is no evidence of the total quantity of methamphetamine exchanged between Ed and Savatdy.

The evidence further established that Ed sold methamphetamine to Savatdy's co-defendants, Det Kahoone and Chitprasong Amphavanasouk (a/k/a "Gage"). Ed sold methamphetamine to Gage until Gage's arrest in February 2003. After Gage's arrest, Ed began selling methamphetamine to Det.

In the Order following the guilty verdict directing the parties to submit briefs on Savatdy's motion, the Court stated "[g]iven the Court's Supplemental Instruction, the jury could not have found that the only conspiracy Defendant Sitha Savatdy was involved in was a separate one with Sirish Hochingnavong ("Ed") because in the Supplemental Instruction the Court told the jury that if there was only such a separate conspiracy then that Defendant had to be found not guilty." (Order, Doc. 126, June 25, 2004). The Court stated that the evidence would not support a verdict that the three co-defendants alone comprised a conspiracy. (Order, Doc. 126 June 25, 2004.) The Court then questioned whether there is sufficient evidence to support a verdict that Sitha Savaty was in a conspiracy with Sirich Hochingnavong ("Ed") and the other two Defendants, which is the issue the Court ordered to be briefed by the parties. (Order, Doc. 126, June 25, 2004.)

2

## DISCUSSION

The Eighth Circuit explained the standard for considering a motion for judgment of acquittal:

> A district court has very limited latitude in ruling upon a motion for judgment of acquittal. A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged. "The evidence need not exclude every reasonable hypothesis except guilt; the essential elements of the crime may be proven by circumstantial as well as direct evidence.".... In ruling upon a motion for judgment of acquittal, the district court is not to weigh the evidence or assess the credibility of witnesses.

*United States v. Baker*, 367 F.3d 790, 797-98 (8th Cir. 2004).

"A conspiracy ordinarily consists of two or more persons in an agreement to commit an offense plus an act in furtherance of the conspiracy. A single conspiracy consists of individuals sharing common purposes or objectives under one general agreement." *United States v. Watts*, 950 F.2d 508, 512 (8th Cir. 1991). To sustain a conviction for conspiracy, "'the government must prove beyond a reasonable doubt that there was an agreement to achieve some illegal purpose, that the defendant knew of the agreement, and that the defendant knowingly became a part of the conspiracy.'" *United States v. Nelson*, 165 F.3d 1180, 1184 (8th Cir. 1999). The Court further recognizes that, as explained by the Eighth Circuit, "[i]t is well established that a mere sales agreement without more does not establish a conspiracy." *United States v. Nelson*, 165 F.3d 1180, 1184 (8th Cir. 1999)

> Jury Instruction Number 21 instructed the jury on the elements of the crime of conspiracy:
> The crime of conspiracy, as charged in the Superseding Indictment, has four essential elements, which are:
> 
> <u>One</u>, from on or about February 2003 to July 8, 2003, two or more persons reached an agreement or came to an understanding to possess with intent to distribute or distribute a mixture or substance containing methamphetamine;
> 
> <u>Two</u>, the Defendant under consideration voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later

3

>   time while it was still in effect;
>
>   Three, at the time the Defendant under consideration joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and
>
>   Four, the agreement or understanding involved 500 grams or more of a mixture or substance containing methamphetamine.

(Jury Instruction No. 21, Doc. 123.) In determining whether the agreement or understanding involved 500 grams or more of methamphetamine, the jury was instructed that "[t]he quantity of controlled substances involved in the agreement or understanding includes the controlled substances the Defendants possessed for personal use or distributed or agreed to distribute. The quantity also includes the controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were a necessary or natural consequence of the agreement or understanding and were reasonably foreseeable by the Defendant under consideration." (Jury Instruction No. 21, Doc. 123.) In addition, the Court instructed the jury regarding multiple conspiracies in Instruction No. 28.

This case tests the elasticity of criminal conspiracy law. After deliberating, the jury asked: "If we have decided on the conspiracy [charge] for all & agree on two individuals @ 500 grams - are then, all three (3) defendants automatically guilty of the same 500 grams due to conspiracy connection." The Court then gave a supplemental instruction:

>   If you found that all three Defendants were a part of the same conspiracy, then each of the three Defendants would be responsible for 500 grams or more of methamphetamine. If the one Defendant was found to be part of only a separate conspiracy with Sirich Hochingnavong ("Ed"), and not part of a conspiracy with the other two defendants, then you must find that one Defendant not guilty.

The jury subsequently returned verdicts finding all three Defendants guilty of the conspiracy to distribute 500 grams or more of methamphetamine.

As the Court subsequently noted, given its Supplemental Instruction, the jury could not have found that the only conspiracy Defendant Savatdy was involved in was a separate one with Ed because in the Supplemental Instruction the Court told the jury that if there was only such a separate conspiracy, then that Defendant had to be found not guilty. Accordingly, the basis for the jury

4

finding Savatdy guilty of conspiracy could have been because the jury found all three Defendants to be joined together in one conspiracy, which either did or did not also include Ed.

The jury question also might simply have dealt with the fact that the methamphetamine that Savatdy himself handled was less than 500 grams while the amount handled by the other two Defendants was more than 500 grams. The jury may have already decided all three Defendants were in one conspiracy before they asked their question and they wanted to know if under conspiracy law whether they then attributed amounts to Savatdy under conspiracy doctrine even though he did not personally handle more than 500 grams. The question could have been asked because the jury had to find the amount attributed to each Defendant under the verdict forms submitted pursuant to the *Apprendi v. New Jersey*, 530 U.S. 466 (2000) decision. If all three Defendants were within the conspiracy, then the amount had to be the same for each Defendant.

The Court does not know if the jury found that just the three charged Defendants were the members of a conspiracy to distribute methamphetamine. If so, the evidence does not support such a finding.

In the alternative, the jury could have found that there was a conspiracy involving the three Defendants and Ed as an unnamed conspirator. The testimony demonstrated that Ed was admittedly a liar several times over. Despite that, it was for the jury to determine whether, for once, Ed was telling the truth when he testified. With the jury accepting Ed's testimony as truthful, there is enough, coupled with the other limited evidence supporting this point, to support the jury verdict of a conspiracy between the three Defendants and Ed. Accordingly, the Court will deny Savatdy's Motion for Judgment of Acquittal.

IT IS ORDERED that Defendant Sitha Savatdy's Motion for Judgment of Acquittal is denied.

Dated this 22nd day of June, 2005.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)   DEPUTY

6