UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
APR 25 2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SITHA SAVATDY,<br><br>          Movant,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | CIV. 06-4256<br>CR 03-40111<br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Movant, Sitha Savatdy, filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255, Doc. 275 in CR 03-40111. For the reasons set forth below, the motion will be denied.

## BACKGROUND

A jury found Savatdy and his co-defendants guilty of the crime of conspiracy to possess with intent to distribute or to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The time-frame of the charged conspiracy was on or about February 2003 to July 8, 2003. The Court denied Savatdy's motion for judgment of acquittal, which was affirmed by the Eighth Circuit. *See United States v. Savatdy*, 452 F.3d 974 (8th Cir. 2006).

    The Superseding Indictment charged Savatdy as follows:

    From on or about February 2003 to July 8, 2003, in the District of South Dakota, Juan Valadez, Sitha Savatdy, Det Khaoone, and Chitprasong Amphavannasouk did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and to distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Savatdy contends that the Court "along with every other appeals court are incorrectly determining the conspiracy offenses in violation of 21.846 conspiracy statutory language." He claims that each alleged conspiracy violation must be alleged in separate counts. Thus, he claims that each time he bought drugs from Sirich Hochingnavong ("Ed"), a co-conspirator, it was a separate violation of 21 U.S.C. § 841(a) and that each conspiracy ended when the sale was complete. He claims the indictment against him was duplicitous because each "conspiracy offense violation must be alleged in separate counts specifying specific acts along with specific drug quantity the same as each actual 21.841(a) acts are alleged in separate counts." Savatdy claims his attorney rendered ineffective assistance of counsel for failing to raise the above issue in this Court and on appeal.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

In *United States v. Moore*, 184 F.3d 790 (8th Cir. 1999), the Eighth Circuit held that alleging multiple violations of 21 U.S.C. §§ 841(a) and 846 in the same count in an indictment was not impermissibly duplicitous. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *Id.* (internal quotation marks and citations omitted). "The risk behind a duplicitous charge is that a jury may convict the defendant without unanimous agreement on a particular offense." *Id.* "Duplicity concerns are not present, however, when the underlying statute is one which merely enumerates one or more ways of committing a single offense." *Id.* "In that case, all of the different ways of committing that same offense may be alleged in the conjunctive in one count, and proof of any one of the enumerated methods will sustain a conviction." *Id.*

2

In *Moore*, the indictment charged the defendant with committing one offense, conspiracy to distribute a controlled substance, by distributing both marijuana and methamphetamine. The Eighth Circuit held that enumerating the controlled substances did not render that count duplicitous. *Id.* In the present case, Savatdy contends that to avoid having an impermissibly duplicitous indictment, the government had to allege each separate drug transaction in a separate count. This argument has been rejected by the Eighth Circuit and, thus, is not grounds for relief under 28 U.S.C. § 2255.

The rejection of Savatdy's duplicitous indictment argument defeats his claim of ineffective assistance of counsel claim for failure to raise that issue. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding that a claim of ineffective assistance of counsel must fail where the court rejects as meritless the claim movant asserts counsel should have pursued).

An evidentiary hearing is not required on a § 2255 motion if "'(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact.'" *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Savatdy's allegations, accepted as true, do not entitle him to relief based upon the existing law in the Eighth Circuit. Thus, the Court is not required to hold an evidentiary hearing.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made a substantial showing of the denial of a constitutional right. Accordingly,

3

IT IS ORDERED:

1. That Sitha Savatdy's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 275, is denied.

2. That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 25th day of April, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Shelly Margulies*
(SEAL) DEPUTY

4